UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENNY CURRY,<br><br>                Petitioner,<br><br>     vs.<br><br>JOHN LEMPKE,[1] Superintendent, Five Points Correctional Facility,<br><br>                Respondent. | No. 9:07-cv-00477-JKS<br><br>MEMORANDUM DECISION |

       Petitioner Benny Curry, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Curry is currently in the custody of the New York State Department of Correctional Services incarcerated at the Five Points Correctional Center. Curry was convicted in the Onondaga County Court following pleas of guilty to six counts of Burglary in the Third Degree (N.Y. Pen. Law § 140.20).

       On December 12, 2001, Curry entered into a negotiated plea agreement wherein he agreed to plead guilty to two counts of Burglary in the Third Degree in exchange for concurrent sentences of three to six years in state prison.  On December 21, 2001, Curry pled guilty in accordance with that agreement and remained out on bail pending sentencing.  On December 27, 2001, while out on bail, Curry committed four more commercial burglaries in the City of Syracuse.  He was arrested and charged with four new counts of Burglary in the Third Degree. As a result of these new charges, the district attorney, defense counsel and Curry entered into further negotiations and a new plea agreement was created and placed on the record before the Onondaga County Court on February 15, 2002.  Under the new agreement, Curry agreed to plead guilty to the four new charges of  Burglary in the Third Degree.  In exchange, Curry would be sentenced to three and one-half to seven years in prison on each of the two original counts of Burglary in the Third

---

       [1] John Lempke, Superintendent, Five Points Correctional Center, substituted for James P. Morrissey.  Fed. R. Civ. P. 17(d).

Degree to run consecutively with each other and be sentenced to three and one-half to seven years on each of the four new Burglary in the Third Degree charges, to run concurrently with each other, and concurrently with the consecutive sentences of three and one-half to seven years imposed for the first two burglaries, for a total of seven to 14 years in state prison.

On February 15, 2002, Curry pled guilty to two of the four new counts of Burglary in the Third Degree in accordance with the new agreement, and the matter was adjourned for the preparation of the information on the two remaining new burglaries and then for sentencing under the agreed upon disposition. On March 8, 2002, Curry pled guilty to the two remaining new counts of Burglary in the Third Degree. Curry was then sentenced to two consecutive indeterminate terms of imprisonment of three and one-half to seven years as agreed upon for a total of seven to 14 years in state prison and four terms of three and one-half to seven years each, to be served concurrently with each other and the aggregate seven to 14 years on the initial two burglaries. There was no objection to the sentence, nor did Curry request to withdraw his pleas.

## I.  PRIOR PROCEEDINGS

Curry timely appealed his conviction to the Appellate Division, Third Department, which summarily affirmed his conviction without reasoned decision on July 9, 2004, and leave to appeal was denied by the New York Court of Appeals on September 16, 2004. *People v. Curry*, 779 N.Y.S.2d 798 (N.Y.A.D.) (Table), *lv. denied*, 818 N.E.2d 674 (N.Y. 2004) (Table). Curry's conviction became final 90 days later, December 15, 2004, when his time to seek a writ of certiorari in the Supreme Court expired. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

First State Post-Conviction Motion. On March 11, 2005, Curry filed for a writ of error *coram nobis* with the Appellate Division, arguing that (1) the waiver of his right to appeal should not be enforced, (2) his sentence should not have been increased, and (3) he should be allowed to withdraw his amended plea agreement because it violated due process. The Appellate Division denied his motion on June 10, 2005, without substantive comment, and the New York Court of Appeals denied leave on August 12, 2005. *People v. Curry*, 796 N.Y.S.2d 568 (N.Y.A.D.) (Table), *lv. denied*, 836 N.E.2d 1157 (Table).

First Federal Habeas Petition. On March 30, 2005, Curry filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Western District of New York, which petition was transferred to this district and dismissed as unexhausted, without prejudice, on June 29, 2005.[2]

Second and Third State Post-Conviction Motion. On June 29, 2005, Curry filed a motion under N.Y. Criminal Procedure Law § 440.10 in the Onondaga County Court, in which he contended his sentence was harsh and excessive. The Onondaga County Court denied his motion on September 20, 2005, holding that the motion should have been brought under N.Y. Criminal Procedure Law § 440.20. On October 5, 2005, Curry filed a motion under § 440.20 in the Onondaga County Court, which denied his motion on October 12, 2005. The Appellate Division denied leave to appeal both the § 440.10 and 440.20 motion on May 4, 2006.

Fourth State Post-Conviction Motion. On November 23, 2005, Curry filed his second motion under § 440.10 in the Onondaga County Court, in which he raised his ineffective assistance of counsel claim. The Onondaga County Court denied the motion on March 2, 2006, on the basis that it should have been raised in his first § 440.10 motion, citing N.Y. Criminal Procedure Law § 440(10)(3) and, alternatively, on the merits. Leave to appeal was denied by the Appellate Division on July 31, 2006, and the New York Court of Appeals on October 30, 2006.

Petition filed his petition in this Court on April 28, 2007.

At Docket No. 14 Curry requested he be permitted to voluntarily withdraw his petition, which the Court treated as a voluntary motion to dismiss without prejudice under Federal Rule of Civil Procedure 41(a)(2). As grounds for voluntary dismissal, Curry simply stated that the "whole process" is unfair to him, that his attorney was incompetent, and that court officials violated his due process rights. At Docket No. 15, Respondent opposed Curry's request. At Docket No. 18 this Court denied Curry's motion to dismiss. In his traverse Curry again requests that this Court dismiss his petition without prejudice. The Order at Docket No. 18 constitutes the law of the case that this Court will not reconsider absent an intervening change of law, new evidence is presented, a clear error must be corrected, or manifest injustice would otherwise ensue. *See Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147,

---

[2] That petition did not present any claim presented in the instant petition pending.

167 (2d Cir. 2003). Curry provides no basis for this Court to reconsider its prior order. Accordingly, the Court declines to dismiss the petition without prejudice.

## II.  STANDARD OF REVIEW

Because Curry filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000), which in this case was that of the Onondaga County Court on his November 23, 2005, § 440.10 motion. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

If a federal claim has not been adjudicated on the merits, AEDPA deference is not required. *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003). In that situation, conclusions of law and mixed questions of fact and conclusions of law are reviewed *de novo*. *DeBerry v. Portuondo*, 403 F.3d 57, 67 (2d Cir. 2005). Where there is no reasoned decision of the state court addressing the ground or grounds raised by the Petitioner on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it. *See Spears v. Greiner*, 459 F.3d 200, 203-04 (2d Cir. 2006).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the states possess primary authority for defining and

enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Fry v. Piler*, 551 U.S. ___, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

### III.  GROUNDS RAISED/DEFENSES

In his petition Curry raises a single ground: ineffective assistance of counsel in that trial counsel failed to (1) file pretrial motions and (2) investigate the additional burglaries. Respondent asserts that his ineffective counsel claim having been denied on adequate and independent state law grounds, *i.e.*, it is procedurally barred. Respondent concedes that Curry has exhausted his state court remedies and does not challenge the timeliness of the petition.

### IV.  DISCUSSION

In denying Curry's claim, the Onondaga County Court held:

> In the present motion, the Defendant now contends that his conviction should be vacated upon the ground that he was denied the effective assistance of counsel.
>
> The response by the People indicates that the defendant's argument could have been raised in his prior CPL 440.10 motions and thus should be denied pursuant to Criminal Procedure Law Section 440.10(3)(c). This Court agrees.
>
> In any event, the Court has reviewed the briefs submitted on behalf of both parties relative to the issues of ineffective assistance of counsel and the Court finds that the defendant's allegations are without merit.
>
> The Court is of the opinion that the defendant's contention that he received ineffective assistance of counsel is legally and factually insufficient to support a finding by the Court that the defendant was denied the effective assistance of counsel. Under New York Law, the constitutional requirement of effective assistance of counsel is met when "the evidence, the law and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (see, People v Benevento, 91 NY2d 708, 712, quoting People v Baldi, 54 NY2d 136, 147). Further, a defendant must overcome a strong presumption that his counsel rendered effective assistance

(see, People v Myers, 220 AD2d 461; People v Garcia, 75 NY2d 973, 974; People v Rivera, 71 NY2d 705).

Indeed, a court will not view a counsel's actions in a vacuum and, in fact, the reasonableness of a counsel's actions may be determined or substantially influenced by defendant's own statements or actions (see, Strickland v Washington, 466 US 668, 669). Finally, to demonstrate that his counsel was ineffective, a defendant is required to show that he did not received [*sic*] a fair trial because counsel's conduct was both "egregious and prejudicial" (see, People v Benevento, 91 NY2d at 713, quoting People v Flores, 84 NY2d 184, 188).

Under the standards set forth above, the Court is of the opinion that the defendant has clearly failed to show that his lawyer's representation was ineffective or that he was prejudiced in any way by such representation.

First, the Court finds that the defendant's allegations that counsel failed to make pre-trial motions and failed to investigate the additional burglaries constituted ineffective assistance of counsel is without merit.

A review of the file and the plea and sentencing minutes clearly reveals that counsel engaged in pre-trial negotiations with the district attorney and the judge and was knowledgeable about the law and [t]he particular facts of the case. Additionally, defense counsel's negotiations resulted in the a [*sic*] favorable plea agreement on behalf of the defendant which substantially reduced his exposure to a more lengthy prison sentence as a second felony offender. The defendant was then sentenced in accordance with that agreement. There is no indication that the defendant was inadequately represented by counsel under the accepted standards. Thus, the Court is of the opinion that the defendant received meaningful representation.

Additionally, the Court finds the defendant's argument that the attorney's failure to make a motion to vacate his plea constituted ineffective assistance of counsel also lacks merit. There is no indication in the record that either the attorney or the defendant was unhappy with the negotiated disposition nor that the defendant wished to have his plea vacated. The colloquy between the Court and the defendant both at the time of his plea and at the time of sentence clearly reflects that the defendant understood his rights, waived his rights to be prosecuted by indictment and knowingly, intelligently and voluntarily plead guilty by way of superior court information in exchange for a substantially reduced sentence. Clearly, under the facts and circumstances of this case, a sufficient basis to make a motion to withdraw the his plea did not exist. Thus, had counsel made such a motion, it would not have been granted. Therefore, the Court concludes that counsel did not make a motion to withdraw his plea because a sufficient basis to do so did not exist.

In light of [the] foregoing, the Court is of the opinion that the defendant was adequately represented by counsel under the accepted standards and therefore received meaningful representation.

> Based upon the evidence, the law and the facts of this particular case, the Court finds that the defendant's allegations are both legally and factually insufficient to support a finding that the defendant was denied the effective assistance of counsel or that a hearing be held in this regard.

Respondent contends that Curry's claim is procedurally barred. The Court agrees. Under the adequate-and-independent-state-ground doctrine, federal courts may not review the judgment of a state court that "rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260 (1989). Because this doctrine applies on federal habeas review and because the state-law ground may be a procedural bar, *id.* at 261-62, federal habeas courts often speak of an "adequate and independent procedural bar" to federal review of a claim or simply of a "procedurally barred" federal claim. A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state court judgment "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). Where a decision "fairly appear[s] to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion," habeas courts presume that there is no adequate and independent state law ground supporting the judgment. *Id.* at 735. This rule even applies where the state court has ruled on the merits in the alternative. *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005). Finally, "[s]tate courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims." *Hathorn v. Lovorn,* 457 U.S. 255, 263 (1982). Accordingly, a procedural bar will be deemed "adequate" only if it is based on a rule that is "firmly established and regularly followed" by the state in question. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991).

The Second Circuit has laid out three clues to follow to classify the decision as either fairly appearing to rest primarily on or interwoven with federal law, or as resting primarily on state procedural law: (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances. *Jimenez v. Walker*, 458 F.3d 130, 145 & n.16 (2d Cir. 2006); *see also Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003). There is no question that the Onondaga County Court explicitly invoked the state

procedural rule as barring review. Section 440.10(3)(c) is an adequate independent state procedural bar to federal habeas review. *Murden v. Artuz*, 497 F.3d 178, 192 (2d Cir. 2007).

Even if the Court were to reach the merits, Curry would not prevail. To demonstrate ineffective assistance of counsel, Curry must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* Curry must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). *Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions. Indeed, the Supreme Court admonished in *Strickland*, 466 U.S. at 689 (internal citations and quotation marks omitted):

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

In neither his motion before the Onondaga County Court nor his petition before this Court does Curry identify which pretrial motions counsel should have made, let alone that the outcome of any such motion might have been favorable to his defense. Curry also fails to describe what an investigation of the additional burglaries may have uncovered that was favorable to his defense. Here, Curry entered a plea of guilty, admitting that he had committed the crimes of which he was charged.

This Court cannot say that the decision of the Onondaga County Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Curry's case within the scope of *Lockyer–Williams*; *i.e*., the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Curry has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that his defense was prejudiced, as required by *Strickland-Hill*. In particular, Curry has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

## V.  CONCLUSION AND ORDER

Curry is not entitled to relief on the ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).  To the extent the issues raised in the petition were addressed by the Onondaga County Court in its decision on the N.Y. Criminal Procedure Law § 440.10 motion, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated: June 24, 2008.

　　　s/ James K. Singleton, Jr.　　　<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge